NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTIAN MUDONDI HAGUMA, *Appellant.*

No. 1 CA-CR 22-0349
FILED 4-20-2023

Appeal from the Superior Court in Maricopa County
No. CR2020-122219-001
The Honorable Scott Sebastian Minder, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge David D. Weinzweig joined.

**B A I L E Y**, Judge:

¶1　　　　This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969).　Counsel for Christian Haguma filed a brief advising this court that, after searching the entire record, he was unable to discover any arguable question of law and requesting that this court conduct an *Anders* review of the record.　Haguma was given the opportunity to file a supplemental brief *pro per* but did not do so.　After reviewing the record, we affirm Haguma's convictions and sentence.

### FACTS AND PROCEDURAL HISTORY

¶2　　　　On June 8, 2020, the State charged Haguma with sexual abuse, a class five felony, and assault, a class three misdemeanor.　The State further alleged that the assault was sexually motivated.　For sentencing purposes, the State alleged that Haguma had one historical prior felony conviction and at least one other non-historical prior felony conviction.

¶3　　　　The State presented the following evidence at Haguma's three-day trial: On June 3, 2020, the victim entered a gas station in Mesa, Arizona.　Haguma approached the victim and offered to buy her drinks and gas.　After declining Haguma's offer at least twice, the victim eventually allowed Haguma to purchase her drinks and gas.　Haguma then asked the victim for a ride.　The victim refused, and Haguma began "flirting" with her.　At one point during Haguma's advances, he touched the victim's vagina over her clothes while making a remark about how he was "better than" the victim's boyfriend.　When the victim turned to leave the gas station, Haguma touched her buttocks several times.

¶4　　　　After returning to her car, the victim called the police.　Officers arrived shortly thereafter and arrested Haguma.　Officers reviewed and collected the gas station's security camera footage, which showed Haguma touching the victim.

¶5　　　　The jury found Haguma guilty as charged of one count of sexual abuse and one count of sexually-motivated misdemeanor assault.

After finding that the State proved beyond a reasonable doubt that Haguma had one historical prior felony conviction, the trial court sentenced Haguma to a slightly mitigated term of 1.5 years' imprisonment for the sexual abuse conviction, followed by 1 year of probation for the assault, and credited him for 102 days of presentence incarceration.

**¶6**　　　Haguma timely filed a notice of appeal. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶7**　　　We have searched the entire record for reversible error and find none. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (1999). Haguma was represented by counsel at all stages of the proceedings, and counsel was present at all critical stages. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Haguma's constitutional and statutory rights. The record reflects substantial evidence to support the verdict, as summarized above. The superior court permitted Haguma to speak at sentencing and imposed a sentence within the statutory limits, with proper credit given for presentence incarceration.

## CONCLUSION

**¶8**　　　For all the reasons stated above, we affirm Haguma's convictions and sentences. Upon filing of this decision, defense counsel is instructed to inform Haguma of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Haguma will have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

